1
2
3
4
5
6
7
8                          UNITED STATES DISTRICT COURT
9                         SOUTHERN DISTRICT OF CALIFORNIA
10

11    VILLAGE COMMUNITIES, LLC,              Case No.: 3:20-cv-01896-BEN-DEB
12                   Plaintiff,
                                             **ORDER GRANTING-IN-PART**
13              v.                           **DEFENDANTS' MOTION TO**
                                             **DISMISS**
14    COUNTY OF SAN DIEGO; and BOARD
15    OF SUPERVISORS OF THE COUNTY           **[ECF No. 5]**
      OF SAN DIEGO,
16
                     Defendants.
17

18         Plaintiff Village Communities, LLC ("Village Communities") is suing Defendants
19    the County of San Diego (the "County") and the San Diego County Board of Supervisors
20    (the "Board") (collectively, "Defendants") for claims arising from the denial of
21    development permits.  The matter comes before the Court on Defendants' Motion to
22    Dismiss the First Amendment Complaint, ECF No. 4 ("FAC").  ECF No. 5.  As set forth
23    below, the Motion is **granted-in-part**.
24    **I.     BACKGROUND[1]**
25         Village Communities is a real estate development entity that owns approximately
26
27    _____
      [1]    The following overview of the facts is drawn from Village Communities' FAC,
28    ECF No. 4, which the Court assumes true in analyzing Defendants' Motion to Dismiss.
      *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  The Court is not making factual findings.

                                              1

1    608 acres of land in an unincorporated area of San Diego County, California (the
2    "Property"). FAC, ECF No. 4, ¶ 1. The Property is located just east of Interstate 15 and
3    south of West Lilac Road, approximately ten miles north of the City of Escondido. *Id.* at
4    ¶ 28. Village Communities purchased the property in 2017 from another developer that
5    unsuccessfully tried to develop the Property into approximately 1,750 homes, with an
6    associated school, commercial, and retail facilities. *Id.* at ¶¶ 33, 47. After acquiring the
7    Property, Village Communities substantially revised the proposed project, working with
8    Defendants' Planning Department staff to address various concerns about its scope. *Id.* at
9    ¶¶ 47-52. Nonetheless, Village Communities alleges the Planning Department staff was
10   not satisfied with its efforts to reform the project and recommended the Board deny
11   approval. *Id.* at ¶¶ 94-100. On June 20, 2020, the Board formally voted to deny the
12   project, and Village Communities filed suit. *Id.*

13       Fundamentally, this case involves concern (or lack thereof) about wildfires. The
14   Property sought to be developed is in a high risk area for these disasters. FAC at ¶ 98.
15   Village Communities argues that through its work with Planning Department staff, it
16   revised the project to mitigate the risk down to acceptable levels consistent with the
17   County's General Plan, a master zoning document that governs all future development
18   within the County's boundaries. *Id.* at ¶¶ 54. Despite these substantial revisions, Village
19   Communities alleges Defendants denied the permit only after Village Communities
20   refused to meet an unconstitutional condition, namely—purchasing "fuel modification
21   easements" from 50 adjacent land owners. *Id.* at ¶ 102.

22       A fuel modification easement grants the easement holder the right to enter property
23   and control vegetation on the portion of the property subject to the easement. FAC at ¶ 9.
24   In the context of wildfires, the permitted entry typically involves destroying and
25   removing vegetation that serves as the "fuel" for fires, which can help stop a fire's spread
26   across a roadway, like West Lilac Road. *Id.* Defendants allegedly required Village
27   Communities to obtain these easements from the individual property owners as a
28   condition for approving the development. *Id.* at ¶ 100.

2

1    Village Communities argues Defendants' unconstitutionally required Villages
2  Communities to obtain the easements because (1) the County already has the legal
3  authority the easements supposedly convey, (2) other similar projects have not been
4  subject to the same requirement, and (3) Defendants' actions were arbitrary and
5  capricious.

6    Village Communities asserts five claims for relief.  FAC at ¶¶ 107-136.  Claims
7  one through four allege violations of 42 U.S.C. § 1983, while claim five seeks
8  administrative mandamus pursuant to California Civil Procedure Code section 1094.5.
9  *Id.*  Defendants move to dismiss each of the claims with prejudice.  *See* Mot., ECF No. 5.

10  **II.    LEGAL STANDARD**

11    A dismissal under Rule 12(b)(6) may be based on the lack of a cognizable legal
12  theory or absence of sufficient facts to support a cognizable legal theory. *Johnson v.*
13  *Riverside Healthcare Sys.*, 534 F.3d 1116, 1121 (9th Cir. 2008); *Navarro v. Block*, 250
14  F.3d 729, 732 (9th Cir. 2001).  When considering a Rule 12(b)(6) motion, the Court
15  "accept[s] as true facts alleged and draw[s] inferences from them in the light most
16  favorable to the plaintiff." *Stacy v. Rederite Otto Danielsen*, 609 F.3d 1033, 1035 (9th
17  Cir. 2010).  A plaintiff must not merely allege conceivably unlawful conduct but must
18  allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp.*
19  *v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim is facially plausible 'when the plaintiff
20  pleads factual content that allows the court to draw the reasonable inference that the
21  defendant is liable for the misconduct alleged.'" *Zixiang Li v. Kerry*, 710 F.3d 995, 999
22  (9th Cir. 2013) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).  "Threadbare
23  recitals of the elements of a cause of action, supported by mere conclusory statements, do
24  not suffice." *Iqbal*, 556 U.S. at 678.

25    If a court dismisses a complaint, it may grant leave to amend unless "the pleading
26  could not possibly be cured by the allegation of other facts." *Cook, Perkiss & Liehe, Inc.*
27  *v. N. Cal. Collection Serv. Inc.*, 911 F.2d 242, 247 (9th Cir. 1990).

28

1  **III.   ANALYSIS**

2       Village Communities' first four claims allege violations of 42 U.S.C. § 1983

3  ("Section 1983"), which prohibits state actors from depriving a plaintiff of the "rights,

4  privileges or immunities secured by the Constitution."  To prevail on a Section 1983

5  claim, a plaintiff must show that "(1) acts by the defendants (2) under color of state law

6  (3) depriv[ed] [it] of federal rights, privileges or immunities [and] (4) caused [it]

7  damage." *Thornton v. City of St. Helens*, 425 F.3d 1158, 1164 (9th Cir. 2005) (quoting

8  *Shoshone-Bannock Tribes v. Idaho Fish & Game Comm'n*, 42 F.3d 1278, 1284 (9th Cir.

9  1994)).  Section 1983 "is not itself a source of substantive rights, but merely provides a

10  method for vindicating federal rights elsewhere conferred." *Id.* (citations omitted).

11  Accordingly, each of Village Communities' Section 1983 claims must plausibly allege

12  the deprivation of a right protected by the Constitution or laws of the United States.  As

13  noted above, Defendants move to dismiss each claim.

14       **A.    *Takings Clause Claims (Claims 1 and 2)***

15       Village Communities' first and second claims brought pursuant to Section 1983

16  allege violations of its rights under the Fifth Amendment's Takings Clause through (1)

17  inverse condemnation and (2) a temporary taking.  FAC, ¶¶ 107-117.  Village

18  Communities argues Defendants committed a taking without just compensation by

19  denying its proposed development project "solely because Village Communities refused

20  to accede to the County's unconstitutional condition to secure 50 off-site roadway

21  easements, at a substantial cost, to establish and maintain a 20-foot 'fuel modification

22  zone' for fire clearing purposes."  Opp'n, ECF No. 8, 9.  Defendants argue the FAC fails

23  to state claims for relief because (1) "the County's failure to enact legislation is not a

24  taking," (2) the unconstitutional conditions doctrine does not apply to legislative

25  enactments, and (3) there is no taking because Defendants did not require Village

26  Communities to give up any property.  Reply, ECF No. 11, 1-5.

27       The Fifth Amendment prohibits the government from taking private property for

28  public use without just compensation.  Additionally, "[u]nder the well-settled doctrine of

4

'unconstitutional conditions,' the government may not require a person to give up a constitutional right . . . in exchange for a discretionary benefit conferred by the government where the property sought has little or no relationship to the benefit." *Dolan v. City of Tigard*, 512 U.S. 374, 385 (1994). "In evaluating [a plaintiff's claim, the Court] must first determine whether the 'essential nexus' exists between the 'legitimate state interest' and the permit condition exacted by the [government entity]." *Id.* at 386 (quoting *Nollan v. California Coastal Comm'n*, 483 U.S. 825, 837 (1987)). The Supreme Court described this "essential nexus" as a "rough proportionality" between the exaction demanded by the government entity and the "nature and extent to the impact of the proposed development." *Id.* at 391.

In 2013, the Supreme Court clarified that the unconstitutional conditions doctrine does not depend "on whether the government approves a permit on the condition that the applicant turn over property or denies a permit because the applicant fails to do so." *Koontz v. St. Johns River Water Management District*, 570 U.S. 595, 606 (2013). The Court further confirmed "that the government's demand for property from a land-use permit applicant must satisfy the requirements of *Nollan* and *Dolan* even when . . . its demand is for money." *Id.* at 619. Reading these authorities together, an unconstitutional conditions claim may arise if the government demands an exaction of money that is not roughly proportional to the nature and extent of the development as a condition of permit approval.

Here, Village Communities alleges Defendants conditioned approval of its proposed development on agreeing to the purchase of fifty fuel modification easements. FAC, 10. Village Communities argues acquiring these easements would only come at a "substantial cost" because it was essentially required to purchase these easements from each of the fifty landowners surrounding the Property in order to obtain approval for the project. *Id.* at ¶ 9. Village Communities also plausibly alleges Defendants did not need those easements because the County Consolidated Fire Code already provided Defendants the authority to take the actions the easements would provide: destroying and

1    clearing vegetation near a public roadway to prevent the spread of a wildfire. *Id*. These

2    allegations plausibly state *prima facie* inverse condemnation and temporary takings

3    claims based on the unconstitutional conditions doctrine.

4         Defendants' arguments concerning legislative enactments may be persuasive at

5    later phases of the litigation. Village Communities will also have to prove the casual

6    relationship between the alleged unconstitutional condition and the Board's decision, not

7    just the Planning Department staff's recommendation. However, "accept[ing] as true

8    facts alleged and draw[ing] inferences from them in the light most favorable to the

9    plaintiff," the Court finds Village Communities has plausibly stated claims for relief

10   invoking the Takings Clause. *Stacy*, 609 F.3d at 1035. Accordingly, the Court denies

11   Defendants' Motion to Dismiss these claims.

12       **B.    *Due Process Claim (Claim 4)***

13       Village Communities next argues Defendants violated its rights under the Due

14   Process Clause of the Fourteenth Amendment by arbitrarily and unreasonably denying its

15   development application. FAC, ECF No. 4, ¶ 125-26. Defendants argue that legislative

16   immunity shields them from this claim, because approving Village Communities' permits

17   "required two legislative acts—amending the County's General Plan and its zoning

18   ordinance." Reply, ECF No. 11, 6 (citing *Thornton v. City of St. Helens*, 425 F.3d 1158,

19   1163 (9th Cir. 2005)).

20       The Due Process Clause of the Fourteenth Amendment provides: "No State shall . .

21   . deprive any person of life, liberty, or property, without due process of law." U.S.

22   CONST. amend. XIV, § 1. The Due Process Clause "provides heightened protection

23   against government interference with certain fundamental rights and liberty

24   interests." *Washington v. Glucksberg*, 521 U.S. 702, 720 (1997). Violations of rights

25   protected by the Due Process Clause may be either substantive or procedural. To

26   maintain a substantive due process claim, a plaintiff must show (1) a governmental

27   restriction on a liberty that (2) lacked a rational relationship to a government interest. *N.*

28   *Pacifica LLC v. City of Pacifica*, 526 F.3d 478, 485 (9th Cir. 2008). Thus, in the context

1    of this case, "a challenge to land use regulation may state a substantive due process
2    claim, so long as the regulation serves no legitimate government purpose." *N. Pacifica*
3    *LLC v. City of Pacifica*, 526 F.3d 478, 484 (9th Cir. 2008). A regulation serves no
4    legitimate government purpose where a "land use action lacks any substantial relation to
5    the public health, safety, or general welfare." *Id.* (quoting *Crown Point Dev., Inc. v. City*
6    *of Sun Valley*, 506 F.3d 851, 856 (9th Cir. 2007)).

7         Here, Village Communities alleges Defendants imposed a requirement that it
8    obtain useless fuel modification easements as a condition precedent to approval of the
9    proposed development. FAC, ECF No. 4, ¶ 76. Village Communities reasons these
10   easements lack any relationship to the public health, safety, or general welfare because
11   Defendants already have the authority to do the action the easements supposedly allow—
12   *i.e.*, destroy and remove vegetation on the Property that would be subject to the easement.
13   *Id.* Because this condition for project approval is allegedly needless and redundant of
14   existing authority, it "serves no legitimate government purpose." *N. Pacific LLC*, 526
15   F.3d at 484.

16        Without deciding the issue, the Court concludes Village Communities has
17   plausibly alleged a substantive due process claim. Moreover, it finds Defendants'
18   arguments unpersuasive. In *North Pacifica*, the Ninth Circuit analyzed whether the
19   allegedly wrongful behavior of failing to timely process land use permits could support a
20   substantive due process claim. *Id.* at 485. That court concluded the defendant city
21   council had legitimate reasons for delaying the permit applications and affirmed
22   dismissal of the substantive due process claim. *Id.* Notably, however, the court reached
23   the merits of that question and did not rely on a grant of legislative immunity. *Id.*

24        Moving forward, Village Communities retains the burden of proving particular
25   conduct violated its substantive due process rights and Defendants remain free to advance
26   legislative immunity arguments for particular Defendants and particular actions. Here,
27   however, the FAC plausibly alleges Defendants denied the development application for
28   reasons unrelated to public health, safety, or general welfare. Accordingly, the Court

1  denies Defendants' Motion to Dismiss this claim as well.

2       **C.**    ***Equal Protection Claim (Claim 3)***

3         Village Communities next alleges Defendants violated its rights under the Equal

4  Protection Clause of the Fourteenth Amendment by imposing a condition for

5  development on Village Communities that Defendants did not impose on other, similarly

6  situated development proposals during the same time frame.  FAC, ¶ 120.  Defendants

7  argue their decision to deny permitting was discretionary, precluding an equal protection

8  claim, and also benefits from legislative immunity.  Reply, ECF No. 11, 6-7.

9         The Equal Protection Clause of the Fourteenth Amendment provides: "No State

10  shall . . . deny to any person within its jurisdiction the equal protection of the laws."  U.S.

11  CONST. amend. XIV, § 1.  "When an equal protection claim is premised on unique

12  treatment rather than on a classification, the Supreme Court has described it as a 'class of

13  one' action."  *N. Pacifica LLC*, 526 F.3d at 486 (citing *Village of Willowbrook v. Olech*,

14  528 U.S. 562, 564 (2000) (per curiam)).  To support such a claim, Village Communities

15  must allege the government treated it "differently from others similarly situated."  *Id.*

16  The discriminatory treatment must be "intentionally directed" at the plaintiff, as opposed

17  "to being an accident or random act."  *Id.* (citations omitted).

18         Here, Village Communities has plausibly pled these allegations.  It alleges

19  Defendants imposed the fuel modification easement condition only on its proposed

20  development and not on "other similarly situated properties and projects in the County at

21  or about the same time frame."  FAC, ¶ 120.  The FAC even lists several projects,

22  providing Defendants additional notice of the nature of Village Communities' claim.  *Id.*

23  As discussed above, Village Communities alleges the fuel modification easement

24  condition is an unconstitutional condition, and by imposing the condition Defendants are

25  treating Village Communities "differently from others similarly situated."  *N. Pacifica*,

26  526 F.3d at 486.  Therefore, the Court finds this claim is also facially plausible, and

27  denies Defendants' Motion to Dismiss this claim.  *See  Zixiang Li*, 710 F.3d at 999.

28

### D.     *Administrative Mandamus (Claim 5)*

Village Communities' final claim seeks Administrative Mandamus. FAC, ECF No. 4, ¶¶ 129-136. It asks the Court to issue "an alternative or peremptory writ of mandate commanding Defendants to vacate and set aside its decision to deny the Project and take steps necessary to right the wrong imposed on Village Communities." *Id.* at ¶ 140. Village Communities also argues that in light of the Supreme Court's decision in *Knick v. Township of Scott*, 139 S. Ct. 2162 (2019), it no longer needs to pursue a mandate claim as a condition precedent to a federal Takings Clause claim. Opp'n, ECF No. 8, 17. Defendants argue the claim should be dismissed because the Court cannot grant the relief Village Communities requests. Mot., ECF No. 5, 9-10.

The Supreme Court recently held that "because a taking without compensation violates the self-executing Fifth Amendment at the time of the taking, the property owner can bring a federal suit at that time." *Knick*, 139 S. Ct. at 2172. Here, Village Communities alleges the unconstitutional condition is the taking, which accrued on the date the Board denied its development application. Accordingly, the Court finds the alleged taking has already occurred, and in accordance with *Knick*, Village Communities can now bring a Takings Clause claim without separately pursuing mandamus relief. Moreover, the Court agrees with Defendants that the requested mandamus relief asks the Court to "compel a legislative body to act in a particular way," which raises concerns of infringing on the separation of powers on which this country was founded. *See Johanson v. City Council of Santa Cruz*, 222 Cal. App. 2d 68, 72 (1963). Put simply, the Court may grant Village Communities damages and other relief if it proves its § 1983 claims, but it cannot order the Board to approve this development. Accordingly, the Motion to Dismiss the fifth claim is granted.

## IV.     CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss is **GRANTED-IN-PART**, ECF No. 5, as follows:

1.     Defendants' Motion to Dismiss the first through fourth claims for relief in the FAC brought pursuant to Section 1983 is **DENIED**.

2.     Defendant's Motion to Dismiss Plaintiff's Fifth Claim for Relief, seeking administrative mandamus is **GRANTED**.  This claim is dismissed.

3.     If Plaintiff wishes to file an amended complaint, Plaintiff must request leave of this Court within fourteen (14) days of this Order.  *See* Fed. R. Civ. P. 15(a)(2).

**IT IS SO ORDERED**.


DATED: February 2 , 2021

HON. ROGER T. BENITEZ
United States District Judge

10

3:20-cv-01896-BEN-DEB