UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VILLAGE COMMUNITIES, LLC, et al.,<br><br>　　　　　　　　　　　　Plaintiffs,<br><br>v.<br><br>COUNTY OF SAN DIEGO; BOARD OF SUPERVISORS OF COUNTY OF SAN DIEGO; and DOES 1–20,<br><br>　　　　　　　　　　　　Defendants. | Case No.: 20-cv-01896-AJB-DEB<br><br>**ORDER GRANTING SUMMARY JUDGMENT** |

On April 18, 2023, the Court ordered supplemental briefing as to Plaintiffs' takings claim as the Court *sua sponte* found no evidence in support of their remaining takings claim. (Doc. No. 123.) Plaintiffs filed their supplemental brief on May 1, 2023, (Doc. No. 125), to which the County responded on May 8, 2023, (Doc. No. 127). The Court finds this matter suitable for determination on the papers and without oral argument in accordance with Local Civil Rule 7.1.d.1. After considering the papers submitted, supporting documentation, the evidence on the record, and applicable law, the Court **GRANTS** summary judgment, *sua sponte*, in Defendants' favor as Plaintiffs have failed to submit evidence of a violation of the takings clause under the Fifth Amendment.

///

     Pursuant to Rule 56(f) of the Federal Rules of Civil Procedure, "[a]fter giving notice and a reasonable time to respond, the court may . . . consider summary judgment on its own after identifying for the parties material facts that may not be genuinely in dispute." Fed. R. Civ. P. 56(f)(3); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 326 (noting a district court's power to enter sua sponte motions under Rule 56). The Ninth Circuit's guidance on Rule 56's notice requirements states, "[b]efore sua sponte summary judgment against a party is proper, that party must be given reasonable notice that the sufficiency of his or her claim will be in issue: Reasonable notice implies adequate time to develop the facts on which the litigant will depend to oppose summary judgment." *Albino v. Baca*, 747 F.3d 1162, 1176 (9th Cir. 2014) (internal quotation marks and citation omitted).

     On July 1, 2022, the Court denied Plaintiffs' motion for partial summary judgment and granted in part and denied in part Defendants' motion for summary judgment. (Doc. No. 55.) While Plaintiffs' takings claim remained in this case, the Court, *sua sponte*, issued an Order Requesting Supplemental Briefing as to whether Plaintiffs have evidence in support of their takings claim. (Doc. No. 123.)

     Plaintiffs argue evidence of a taking exists under the Fifth Amendment because (1) the easement condition was an extortionate demand for money, burdening their Fifth Amendment rights; (2) the demand for assignment/conveyance of easement constitutes an extortionate demand for applicant's property; and (3) the easement condition was a taking of plaintiffs' right to process the permit application. (Doc. No. 125 at 8, 11–17.) Plaintiffs additionally assert they have evidence of damages because Section 1983 provides a federal damages remedy for *Koontz* project denial/failed condition, wherein the measure of damages should be the value lost as a result of the imposition of the unconstitutional condition. (*Id.* at 18–21.) The County responds the Final Pre-Trial Conference Order does not claim a taking from either a "refusal to process" the Project or from a plan to assign the fuel modification easements if Plaintiffs first obtained them. (Doc. No. 127 at 9–10, 13–14.)

///

## I. THE FINAL PRETRIAL CONFERENCE ORDER CONTROLS

The Ninth Circuit has "consistently held that issues not preserved in the pretrial order" are "eliminated from the action." *S. Cal. Retail Clerks Union & Food Emps. Joint Pension Trust Fund v. Bjorklund*, 728 F.2d 1262, 1264 (citing *U.S. v. Joyce*, 511 F.2d 1127, 1130 n.1 (9th Cir. 1975)). "The very purpose of the pretrial order is to narrow the scope of the suit to those issues that are actually disputed and, thus, to eliminate other would-be issues that appear in other portions of the record of the case." *Id.* Once signed, "[a] pretrial order has the effect of amending the pleadings and controls the subsequent course of action of the litigation." *Nw. Acceptance Corp. v. Lynwood Equip., Inc.*, 841 F.2d 918, 924 (9th Cir. 1988) (internal quotations and citations omitted). However, the pretrial conference order need only implicitly include a theory of damages in order to preserve an issue for trial. *Apple, Inc. v. Samsung Elecs. Co. Ltd.*, 2014 WL 6687122, at *3-4 (N.D. Cal. Nov. 25, 2014).

Here, the Pre-Trial Order ("PTO") makes no reference to Plaintiffs' takings claim based on either (1) an interference with Plaintiffs' right to process its permit application or (2) an impermissible demand for an assignment/conveyance of the easements. (*See generally* Doc. No. 86.) Rather, the PTO explicitly states:

> Plaintiffs contend that the County Board of Supervisors denied the project because of Plaintiffs' failure to acquire the 50 offsite fuel modification easements; and that the County Board's easement condition required Plaintiffs to expend money in exchange for obtaining the easements and as such, the condition resulted in an unconstitutional taking of property or money under the Takings Clause of the Fifth Amendment to the Constitution.

(*Id.* at 4.)  Plaintiffs had multiple opportunities to include their additional theories in their PTO but chose to pursue their claim based solely on the above theory. The purpose of the pretrial order is to narrow the scope of issues at trial, and a party waives the issues not raised in the pretrial order. As such, Plaintiffs' claims for a taking based on (1) an interference with Plaintiffs' right to process its permit application or (2) an impermissible demand for an assignment/conveyance of the easements are barred.

## II. PLAINTIFFS' TAKINGS CLAIM FAILS

Plaintiffs assert the "County's imposition of the easement condition was a constitutionally cognizable injury under *Koontz* [*v. St. Johns River Water Management District*, 570 U.S. 595 (2013)] because the condition was an extortionate demand for money, which lacked the nexus and rough proportionality required under the unconstitutional conditions doctrine." (Doc. No. 125 at 11.) As stated in *Koontz*, "[e]xtortionate demands for property in the land-use permitting context run afoul of the Takings Clause not because they take property but because they impermissibly burden the right not to have property taken without just compensation." 570 U.S. at 607. The Ninth Circuit has held that the "starting point to [the] analysis of exactions claims is . . . whether the substance of the condition . . . would be a taking independent of the conditioned benefit." *Ballinger v. City of Oakland*, 24 F.4th 1287, 1300 (9th Cir. 2022) (internal quotation marks omitted) (citing *Cedar Point Nursery v. Hassid*, 141 S. Ct. 2063, 2073 (2021); and *Koontz*, 570 U.S. at 612).

First, Defendants' argument that Plaintiffs' takings claim fails because "it is undisputed that Defendants never promised Project approval even if Plaintiffs had obtained the easements" is unavailing. (Doc. No. 127 at 14.) In the PTO, Defendants do not raise this argument as a defense to Plaintiffs' claim. (*See* Doc. No. 86 at 4–7); *S. Cal. Retail Clerks Union*, 728 F.2d at 1264. As such, this defense is barred.

Next, Plaintiffs fail to provide evidence that Defendants ever demanded that Plaintiffs pay money for the easements. Although Plaintiffs repeatedly contend that the "County's easement condition was an extortionate demand for money," Plaintiffs fail to provide evidence as such. (*See* Doc. No. 125 at 9, 11.) However, the Court's Order requesting supplemental briefing on this issue explicitly instructed Plaintiffs to explain "what evidence of a taking exists under *Koontz* . . . ." (Doc. No. 123.) Plaintiffs have not done so. Plaintiffs' supplemental brief is silent as to what evidence exists of an "extortionate demand for money," and while Plaintiffs' attached exhibits indicate that money *could have* been requested in exchange for easements, they have failed to show that

any demand was actually made. (*See* Deposition of Mark Wardlaw, Doc. No. 125-1 at 28 ("However [Plaintiffs] chose to acquire the easements was up to them. Whether it was for a fee, whether it was for some mutual benefit, that was not - - it's really not germane to the requirement of the easement."); Deposition of David Nissen, *id.* at 30–32 (stating West Lilac Road property owners could "conceivably" request money in return for the easement); Deposition of Mark Slovick, Doc. No. 125-1 at 35 (stating the county easement form contemplated that Plaintiffs would pay money to the property owners in exchange for the grant of easements); Deposition of David Sibbet, *id.* at 39 (affirming that it was *possible* that "one or more of [the] property owners could literally extort money from the landowner that needs that easement").)

     Based on the foregoing, the Court finds no taking has occurred. Plaintiffs fail to demonstrate that Defendants' request for easements "would be a taking independent of the conditioned benefit," as Plaintiffs do not show they were required to pay money in exchange for the easements. Accordingly, the Court *sua sponte* grants summary judgment in Defendants' favor. Fed. R. Civ. P. 56(f)(3). The Motions in Limine filed in the case are herewith denied as moot.

     **IT IS SO ORDERED.**

Dated: May 15, 2023

*[signature]*
Hon. Anthony J. Battaglia
United States District Judge